United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY J. DAVIS,
Petitioner,

v.

NATHAN GAUGHAN, Warden,
Respondent.

Case No. 18-cv-07113-JST

**ORDER DENYING REQUEST FOR RECONSIDERATION**

Re: ECF No. 25

Petitioner Anthony J. Davis, an inmate at California Men's Colony, in San Luis Obispo, California, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2015 conviction from San Mateo County Superior Court. On October 15, 2019, the Court dismissed the petition as untimely. ECF No. 20. Over six years after this petition was dismissed, Petitioner has filed the instant motion for reconsideration. ECF No. 25. For the reasons set forth below, the Court DENIES the motion for reconsideration.

## I. BACKGROUND

### A. Procedural History

In 2015, Petitioner was convicted of five crimes arising out of a September 11, 2014 domestic violence incident and sentenced to a term of twenty-five years and four months in state prison. ECF No. 13-1 at 2, 6. On August 16, 2017, the California Supreme Court denied his petition for review. On November 14, 2017, Petitioner's conviction became final. ECF No. 13-3; ECF No. 20 at 4, 8.

On November 9, 2018, Petitioner sent this Court a letter seeking an extension of time to file his federal habeas petition, stating that he believed that his deadline for filing his federal habeas petition would soon expire:

> I'm writing to request a 30 day extension to file my petition for writ of habeas corpus. The request is due to the need to obtain the authorized officer of the trust officer's signature on my In Forma Pauperis Application. Also, to obtain a statement from the trust office showing transactions on my account for the last six months. I was informed by my appellate attorney, J. Frank McCabe, that I had 1 year plus, 90 days to file a petition for writ of habeas corpus in the Northern District Court after my case on appeal in the appellate ct got affirmed. It's my belief that all of that time will be up on the 14th – 16th; sometime of next week. I do not have the time to request the information from the trust office and get it back in time to send in with the writ of habeas corpus w/out running out of time to file my writ. So a 30-day extension is needed …. badly!

ECF No. 1. This letter was received by the Court on November 21, 2018, and entered into the Court's Electronic Filing System ("ECF") on November 27, 2018. *Id.* The Clerk of the Court opened an action based on this letter. *Id.*

In response to this letter, the Clerk of the Court sent Petitioner deficiency notices on November 21, 2018, informing Petitioner that the action was deficient because (1) he had not submitted a habeas petition on the proper form, and (2) he had not paid the filing fee or filed a complete *in forma pauperis* application. ECF Nos. 2 and 3. In ECF No. 2, the Clerk of the Court informed Petitioner that he did not have a habeas petition pending in this court, but that the letter had been treated as a request and a new action had been opened based on the request:

> **It appears that you have no petition for a writ of habeas corpus pending in our court; therefore, your request has been filed as a new action, case number: CV 18-7113**
>
> - If you do not submit a completed petition on the proper form—noting the above referenced case number—within 28 days from the filing date stamped above, your action will be dismissed and the file closed.
> - If you did not intend to file a new action, please notify the court within 28 days from the filing date stamped above.
>
> A blank copy of our **Petition for a Writ of Habeas Corpus form** is enclosed.

ECF No. 2 (emphasis in original). In ECF No. 3, the Clerk of the Court informed Petitioner that he had 28 days from the filing date stamped on ECF No. 3 to file an *in forma pauperis* application, and that failure to respond would result in dismissal of the action, closure of the file, and the filing fee becoming due immediately. ECF No. 3. The filing date stamped on both ECF Nos. 2 and 3 was November 21, 2018.

Petitioner filed a federal habeas petition which is docketed at ECF No. 7. The petition was signed by Petitioner on December 21, 2018, ECF No. 7 at 6, ECF No. 7-1 at 2; prison officials signed the envelope indicating that they received it from Petitioner on December 21, 2018, ECF No. 7-3 at 2; the petition was received by the Clerk's Office on December 26, 2018, ECF No. 7-3 at 1; the Clerk deemed the petition filed as of December 26, 2018; and the Clerk entered the petition into ECF on December 31, 2018.

On October 15, 2019, the Court granted Respondent's motion to dismiss the petition as untimely, finding that the Antiterrorism and Effective Death Penalty Act ("AEDPA")[1] one-year statute of limitations expired on November 14, 2018, and that the petition was untimely because it was filed on December 21, 2018. ECF No. 20.

On September 28, 2020, Petitioner filed a letter requesting copies of his petition and the Court's October 15, 2019 Order, ECF No. 22, which the Court provided. Three years later, on September 14, 2023, Petitioner filed another letter, requesting a copy of his petition, his November 8, 2018 letter, the Clerk's Notices, and the Court's October 15, 2019 Order, ECF No. 23, which the Court provided. Two and a half years, on or about March 20, 2026, Petitioner filed the motion for reconsideration now pending before the Court. ECF No. 25.

**B. Applying the Mailbox Rule to Determine *Pro Se* Filing Dates**

In determining filing dates for pleadings filed by *pro se* prisoners, courts apply the mailbox rule so that prisoners are not penalized for delays caused by prison officials or the mail service. The mailbox rule provides that a *pro se* state or federal petition is considered filed on the date a prisoner hands the petition to prison officials for mailing, rather than the date the petition is received by the court. *Ramirez v. Yates*, 571 F.3d 993, 996 n.1 (9th Cir. 2009); *Jenkins v. Johnson*, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408 (2005). The Court looks to the petition and the envelope in which it

[1] In legal writing, abbreviations may be used for lengthy terms for ease of later reference. In order to signal to the reader that an abbreviation will be used, the term is stated in full the first time it is used, and a parenthetical follows the full term with the abbreviation noted in quotation marks. Here, "Antiterrorism and Effective Death Penalty Act ("AEDPA")" indicates that the Court will use the abbreviation AEDPA for future references to the Antiterrorism and Effective Death Penalty Act in this order.

arrived to determine when the prisoner handed the petition to prison officials for mailing.

To illustrate the application of the mailbox rule, the Court provides the following example. Petitioner gave his petition (ECF No. 7) to prison officials for mailing to the court on December 21, 2018. ECF No. 7-3 at 2. The petition was received by the court on December 26, 2018. ECF No. 7-3 at 1. The Clerk entered the petition into ECF on December 31, 2018. Applying the mailbox rule, the Court deemed the petition filed on the earlier date of December 21, 2018 rather than the later entry date of December 31, 2018. Application of the mailbox rule ensured that Petitioner was not penalized for delays that were not within his control, e.g., the time it took for prison officials to put the petition in the mail, the time it took for the postal service to deliver the petition, and the time it took for the Clerk to process and docket the petition.

**C. Dates and Deadlines in the Court's Electronic Filing System (ECF)**

For filings received by mail or by hand delivery to the Clerk's Office, ECF records the date the filing is received by the Court – the "filed on" date – and the date the filing is entered into ECF – the "Entered:" date. Because there can be a delay in processing court mail and entering filings into ECF, the entered date may differ from the filing date. An example of this is Petitioner's letter, ECF No. 1. In ECF, ECF No. 1 has a November 21, 2018 filing date, but a November 27, 2018 "Entered:" date.

ECF also lists some of the Court's internal deadlines. The Court's internal deadlines for *pro se* filings are sometimes later than the deadlines set in court orders because the internal deadlines accounts for potential delays due to prison processing and/or postal office processing and delivery times. The internal deadlines listed on ECF are not official court deadlines and do not supersede the deadlines set forth in court orders.

In the deficiency notices sent by the Clerk in this case, ECF Nos. 2 and 3, the Court instructed Petitioner that the deadline for compliance was 28 days from the filing date stamped on these notices. The filing date stamped on ECF Nos. 2 and 3 was November 21, 2018, and therefore the deadline for compliance was December 19, 2018. In ECF, an internal court deadline of December 31, 2018 is listed. Despite the internal court deadline listed on ECF, the deadline for complying with the deficiency notices was December 19, 2018.

## II. DISCUSSION

### A. Legal Standard

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion) and the petitioner is seeking reconsideration more than twenty-eight days after the entry of judgment, the motion for reconsideration is based on Fed. R. Civ. P. 60(b). Fed. R. Civ. P. 59(e) (requiring Rule 59(e) reconsideration motion to be filed within twenty-eight days after entry of judgment); Fed. R. Civ. P. 60(b); *Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). If a petitioner seeks reconsideration based on grounds for relief (1) - (3), the motion must be brought no later than one year after the judgment was entered. *See* Fed. R. Civ. P. 60(c)(1). If a petitioner seeks reconsideration based on grounds for relief (4) - (6), the motion must be made within a "reasonable time." *See* Fed. R. Civ. P. 60(c)(1).

Rule 60(b) provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. *Jeff D. v. Kempthorne*, 365 F.3d 844, 851 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1K, Multnomah Cty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

/ / /

United States District Court
Northern District of California

**B. Analysis**

Petitioner argues that he is entitled to reconsideration of the Court's dismissal of the petition as untimely because the undersigned altered the pleadings in order to render the petition untimely. Specifically, Petitioner argues that the Clerk of the Court granted him an extension of time to December 31, 2018 to comply with AEDPA's limitations period as indicated by the entry on ECF; that his petition was on December 26, 2018; and that his petition was therefore timely filed. Petitioner speculates that the undersigned altered the pleadings because he is Jewish and white and is targeting Petitioner because Petitioner is African American, Muslim, poor, and mentally ill; and because the undersigned wants to keep Petitioner in prison until Petitioner dies and does not want Petitioner on the streets of San Francisco. Petitioner states that the undersigned putting AEDPA in quotes is evidence of the undersigned's ill intent towards Petitioner. Petitioner further alleges that if he had been appointed an attorney, he would not be in prison right now, and that the undersigned refused to appoint him counsel so that the Court could take advantage of Petitioner's ignorance of the law and keep him in prison longer. Petitioner states that he has now exhausted his state court remedies for his claims, and that he has found new evidence of juror misconduct (perjury), judicial misconduct, prosecutorial misconduct (suppression of favorable evidence), and ineffective assistance of trial counsel and appellate counsel. Finally, Petitioner requests that the Court appoint him an attorney and assign a new judge to review his case. *See generally* ECF No. 25.

Petitioner motion for reconsideration is properly considered pursuant to Fed. R. Civ. 60(b)(6) as Petitioner did not file this motion within a year of the judgment and does not allege that the judgment is void or not satisfied.

The Court DENIES the motion for reconsideration because Petitioner has not demonstrated that the Court committed clear error or that manifest injustice occurred when the Court dismissed the petition as untimely. Petitioner's arguments are based on a misunderstanding of the relevant law, the legal significance of the Clerk's deficiency notices, and the entries in ECF.

**1. The Court Cannot Extend AEDPA's statutory deadline**

The one-year period set forth in 28 U.S.C. § 2244(d)(1) is a statutory deadline and courts

lack the authority to extend this deadline by a procedural order.[2] *Ogle v. Unknown*, No. 2:20-CV-1108 CKD P, 2020 WL 8834813, at *1 (E.D. Cal. Jun. 5, 2020) ("This court does not have the authority to extend the statute of limitations established in the Antiterrorism and Effective Death Penalty Act (ADEPA) and cannot grant an extension of time for petitioner to file his initial habeas corpus petition."); *Moses v. Cal.*, No. 1:11-CV-00956-JLT HC, 2011 WL 4055597, at *2 (E.D. Cal. Sept. 12, 2011) ("The Court has no authority under the AEDPA to extend the one-year period and thus afford a petitioner additional time to file a federal petition.").

**2. The Clerk's Deficiency Notices Did Not Extend AEDPA's Statutory Deadline**

Deficiency notices issued by a Clerk of the Court are ministerial notices and are not judicial decisions. *In re Jud. Misconduct*, 752 F.3d 1204, 1205 (9th Cir. 2014) (order to show cause form issued by clerk indicating possible jurisdictional defects was ministerial form and "ultimate decision as to whether the pleading is defective, and what action to take if the defect is not corrected, was retained by the judge."). In this action, the deficiency notices issued informed Petitioner of deficiencies with respect to the filing of this action. The November 21, 2018 deficiency notices issued by the Clerk of the Court informed Petitioner that the Clerk had opened an action because it had received Petitioner's letter, but that the action was deficient and could not proceed unless the Clerk received (1) a completed petition, and (2) either the $5 filing fee or a complete *in forma pauperis* application. The deficiency notices required Petitioner to file the completed petition and either pay the filing fee or file a complete *in forma pauperis* application by December 19, 2018. The deficiency notices were unrelated to AEDPA's statute of limitations and the December 19, 2018 deadline was not an extension of the AEDPA deadline. The December 19, 2018 deadlines were for correcting the deficiencies that would otherwise prevent the action from going forward – lack of a completed petition and failure to either pay the filing fee or file an *in forma pauperis* application. The December 31, 2018 deadlines listed on ECF reflect internal

---

[2] Equitable tolling can excuse untimely filing. *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). However, Petitioner is not entitled to equitable tolling, as the Court explained in its October 15, 2019 Order Granting Motion to Dismiss, Denying Certificate of Appealability. Dkt. No. 20 at 5-7, 13-15.

deadlines that account for possible delays in the completed petition and the filing fee or *in forma pauperis* application reaching the Court. Neither the December 19 nor the December 31, 2018 deadlines are related to, or an extension of, AEDPA's one-year period for filing a federal habeas petition.

**3. There Was No Alteration of ECF Nos. 2 and 3**

It is unclear to the Court what Petitioner believes are the alterations in ECF Nos. 2 and 3. Petitioner appears to be confused by the discrepancies between the deadlines set forth in ECF Nos. 2 and 3 and the deadlines on ECF. As explained *supra*, the deadlines noted in ECF are informal court deadlines for *pro se* pleadings intended to account for delays in prison processing of mail or in postal mail, and to account for application of the mailbox rule. Regardless, neither the deadlines set in ECF Nos. 2 and 3 nor the deadlines listed on ECF extended AEDPA's one-year limitations period.

**4. Newly Discovered Evidence Does Not Render This Petition Timely**

Petitioner alleges that he has found new evidence of juror misconduct (perjury), judicial misconduct, prosecutorial misconduct (suppression of favorable evidence), and ineffective assistance of trial counsel and appellate counsel. In relevant part, Section 2244(d)(1)(B), (D) provides for the delayed commencement of the AEDPA one-year limitations period, allowing a state prisoner to file their habeas petitions within one year of the latest of the date on which an impediment to filing an application created by unconstitutional state action was removed, if such action prevented the petitioner from filing; or the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B), (D). However, the factual predicate of the claims raised in this petition were known to Petitioner at the time of trial or during appellate proceedings, as indicated by the trial transcripts attached to the petition. *See generally* ECF No. 7. If Petitioner is alleging that after this petition was dismissed, he has discovered evidence supporting new, additional claims for habeas relief, that does not render this petition timely, but would possibly render timely a new, separate habeas

petition raising such claims.[3] However, Petitioner is cautioned that any such petition could constitute a second or successive petition within the meaning of 28 U.S.C. § 2244(b)(2) and would therefore require Petitioner to first obtain an order from the Ninth Circuit Court of Appeals authorizing this court to consider the successive petition. 28 U.S.C. § 2244(b).

**5. Denying Request for Appointment of Counsel**

Petitioner requests appointment of counsel, arguing that representation by counsel would ensure that his petition would be found timely and that he would be granted habeas relief. This case is closed, and Petitioner has not demonstrated that the Court's dismissal of the petition as untimely was erroneous. Appointment of counsel in a closed case serves no purpose.

**6. No Basis for Recusal**

Motions to disqualify, or recuse, a judge fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. See 28 U.S.C. § 144. Similarly, Section 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," id. §455 (b)(1). The substantive test for personal bias or prejudice is identical under Section 144 and Section 455. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Specifically, recusal is appropriate under both statutes where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins*., 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed under Section 144 will raise a question concerning recusal under Sections 455(a) and (b)(1) as well. *Sibla*, 642 F.2d at 867. Here, Petitioner's allegations categorically fail to establish any basis, under either Section 144 or Section 455, for a determination that the Court's impartiality might reasonably be questioned. Petitioner's basis for recusal is his factually incorrect belief that the

[3] Petitioner appears to have recently filed a second habeas petition with this Court. *See Davis v. Schultz,* Case No. 26-cv-2641-JST.

United States District Court
Northern District of California

Court altered court pleadings and changed deadlines, and that the Clerk granted him an extension of time to comply with AEDPA's one-year limitations period.

### 7. No Clear Error or Manifest Injustice in Dismissing Petition as Untimely

Petitioner has not demonstrated that the Court clearly erred or committed manifest injustice in dismissing the petition as untimely. Petitioner has not challenged the following findings: the one-year AEDPA statute of limitations expired for Petitioner on November 14, 2018; Petitioner's letter docketed at ECF No. 1 does not constitute a federal petition for purposes of complying with AEDPA's statute of limitations; and Petitioner's petition was sent to the Court on December 21, 2018. Based on these undisputed findings, the Court correctly found that the petition was untimely. The Clerk's deadlines for correcting the deficiencies noted in ECF Nos. 2 and 3 did not extend AEDPA's statute of limitations period. Regardless, neither the Court nor the Clerk can extend this statutory deadline.

## CONCLUSION

For the reasons set forth above, the Court DENIES Petitioner's motion for reconsideration. ECF No. 25. This case remains closed.

This order terminates ECF No. 25.

**IT IS SO ORDERED.**

Dated: October 16, 2026

JON S. TIGAR
United States District Judge